IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN C. HOELSCHER,

                    Plaintiff,

     v.

UNITED STATES OF AMERICA,

                    Defendant.

OPINION & ORDER

17-cv-542-jdp

---

Plaintiff Justin C. Hoelscher brings this action seeking a declaration from the court that he is allowed to legally possess a firearm under federal law, despite his convictions in state court for disorderly conduct, unlawful phone use, and stalking. Specifically, Hoelscher is asking the court to determine whether he is prohibited from possessing a firearm under 18 U.S.C. § 922(g)(9) on the ground that one or more of his state court convictions qualify as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(33).

Defendant the United States of America now moves to dismiss the complaint, contending that the court lacks subject matter jurisdiction and that Hoelscher lacks standing to sue. Because Hoelscher has failed to meet his burden that the court can exercise jurisdiction over this case, the court will grant the motion to dismiss.

BACKGROUND

In deciding a motion to dismiss on jurisdictional grounds, the court may consider well-pleaded allegations in the complaint, affidavits, and written materials. *Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015). And where the material facts are not disputed, the court can decide the issue on the written evidence alone, without an evidentiary

hearing. *See Lexington Ins. Co. v. Zurich Ins. (Taiwan) Ltd.*, 286 F. Supp. 3d 982, 985 (W.D. Wis. 2017) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). Here, the court draws the following undisputed facts from Hoelscher's amended complaint, the parties' the affidavits submitted by the parties, and the parties' written submissions.

Hoelscher has been convicted of multiple misdemeanors under Wisconsin law, including disorderly conduct, in violation of Wis. Stat. § 947.01; unlawful phone use, in violation of Wis. Stat. § 947.012(1)(a); and stalking, in violation of Wis. Stat. § 940.32(2)(a). Dkt. 13, ¶¶ 5, 7. These convictions all involved a victim with whom Hoelscher shared a federally recognized domestic relationship. Dkt. 13, ¶¶ 6, 8.

Section 922(g)(9) forbids the possession of firearms by anyone convicted of a "misdemeanor crime of domestic violence." The meaning of the term "misdemeanor crime of domestic violence," is set forth in § 921(a)(33), and has recently been interpreted by the Supreme Court in *United States v. Castleman*, 572 U.S. 157 (2014) and *Voisine v. United States*, 136 S. Ct. 2272 (2016). In those cases, the Court interpreted the phrase "use of physical force" in § 921(a)(33)(A) to determine what elements a state statute must have to qualify as a predicate offence under § 921(g)(9).

Hoelscher has previously filed suit in this court, seeking to clarify whether his convictions have the necessary elements to qualify as misdemeanor crimes of domestic violence. *See Justin Hoelscher v. Federal Bureau of Investigation*, No. 16-cv-404 (W.D. Wis. filed June 10, 2016). In that case, the court dismissed Hoelscher's action for lack of standing because he did not allege that he had applied for, or planned to apply for, a permit to purchase a firearm. Nor did he allege that he intended to possess a firearm in the future.

Now Hoelscher has applied for permits to purchase a firearm. On November 9, 2016, he completed an ATF firearms purchase application form and indicated that he had been convicted of a misdemeanor crime of domestic violence. Dkt. 13, ¶ 13. His application was denied. Then on October 23, 2017, he again completed the ATF application, this time indicating that he had not been convicted of a misdemeanor crime of domestic violence. Dkt. 17, at 2. This application was approved, but he declined to actually purchase a firearm because he cannot tell if any of his convictions actually qualify as misdemeanor crimes of domestic violence under § 922(g)(9). Dkt. 13, ¶ 19; Dkt. 20, at 7.

ANALYSIS

The court begins and ends with the question whether the court has subject matter jurisdiction. Hoelscher relies on 28 U.S.C. § 1331, which applies to "civil actions arising under the Constitution, laws, or treaties of the United States." But he does not identify any federal law that his complaint "aris[es] under." He also cites 28 U.S.C. § 2201, the Declaratory Judgment Act, but it is well established that § 2201 "is procedural only." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). It does not provide an independent basis for exercising jurisdiction. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008).[1]

---

[1] Courts in this circuit have also consistently held that the Declaratory Judgment Act does not include a waiver of the federal government's sovereign immunity. *Adams v. U.S. Dep't of Justice Asset Forfeiture Div.*, No. 07-3012, 2007 WL 3085986, at *2 (C.D. Ill. Oct. 18, 2007); *Villars v. Kubiatowski*, No. 12-cv-4586, 2017 WL 4269008, at *12 (N.D. Ill. Sept. 26, 2017); *Kentera v. United States*, No. 16-cv-1020, 2017 WL 401228, at *3 (E.D. Wis. Jan. 30, 2017). *See also*, *Muirhead v. Mecham*, 427 F.3d 14, 18 (1st Cir. 2005) ("[The Declaratory Judgment Act] plainly does not operate as an express waiver of sovereign immunity."). But because the court is resolving the case on other grounds, the court need not decide whether the doctrine of sovereign immunity bars this case.

The general rule is that a "suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). But Hoelscher doesn't cite a law that creates a cause of action for him. His claim cannot arise under the criminal laws at issue because he is not contending that the government is "violating" those laws. He is simply asking the court to construe what he contends is an ambiguous statute.

This is what distinguishes Hoelscher's case from the cases he cites in his brief. In both *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011), and *Dearth v. Holder*, 641 F.3d 499 (D.C. Cir. 2011), the plaintiff was raising a claim that a statute or ordinance violated the Second Amendment. Although Hoelscher refers to his Second Amendment "expression" throughout his opposition brief, he does *not* contend that § 922(g)(9) violates the Second Amendment, even if the statute encompasses his conduct. Nor does he contend that § 922(g)(9) is unconstitutionally vague. Rather, his request for relief is limited to a declaration that "he is not prohibited from possessing a firearm or ammunition under federal law." Dkt. 13, ¶ 24.

Hoelscher cites *no* case in which a federal court exercised jurisdiction over a "claim" in which the only request for relief was the construction of a federal statute. The only case that either side cites involving a similar situation is *Lieberman v. MacMaster,* and in that case the court concluded that "'section 921(a)(33)(A)(ii) is not a jurisdictional statute, nor does it create a federal cause of action.'" No. 12-cv-95, 2013 WL 4500573, at *4 (D. Me. Aug. 21, 2013) (quoting *Woods v. City & Cty. of Denver*, 62 F. App'x 286, 287 (10th Cir. 2003)). Hoelscher attempts to distinguish *Lieberman* on the ground that it "is a federalism case." Dkt. 20, at 10. But that is simply incorrect. It is true that the court stated that the plaintiff's claim "sound[ed] in wrongful termination or perhaps breach of contract" because the plaintiff was concerned about the effect of his conviction on his employment. *Lieberman*, 2013 WL 4500573

at *4. But the court also considered whether the plaintiff could seek a construction of the statute for the purpose of preventing a federal prosecution under § 922. *Id.* at *4–8.

Alternatively, Hoelscher relies on the "mirror-image" rule as articulated in 10B Charles Alan Wright, et al., *Federal Practice & Procedure* § 2757 (4th ed.): "If plaintiff is seeking a declaration that it has a good defense to a threatened action, it is the character of the threatened action and not of the defense that determines whether there is federal-question jurisdiction." But this rule doesn't help Hoelscher. He hasn't identified a "defense" to a potential charge for violating § 922; again, he is simply asking for a construction of the statute.

The bottom line is that Hoelscher has failed to show that the court can exercise jurisdiction over this case, as is his burden. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). Although the court is sympathetic to Hoelscher's predicament, he has not identified any authority that would allow a federal court to provide a clarifying construction of a criminal statute in the absence of an underlying claim. And if the court were to allow Hoelscher to proceed, it would mean that anyone who wished to engage in conduct that may or may not violate a federal criminal statute could require a federal court to give him "preclearance," even in the absence of a claim that a prosecution would violate an independent federal right. Because that is not the law as this court understands it, I will grant the government's motion to dismiss.

ORDER

IT IS ORDERED that defendant United States of America's motion to dismiss, Dkt. 15, is GRANTED and this case is DISMISSED for lack of subject matter jurisdiction.

Entered July 18, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge